## STATE *vs.* HARVEY BADGER.

### October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Evidence.*

In a prosecution for breach of the peace, declarations made after the affray by the party alleged to have been assaulted, are not admissible.

INDICTMENT for breach of the peace. Plea, not guilty. Trial by jury at the September Term, 1895, Washington County, *Thompson,* J., presiding. Verdict, guilty. The respondent excepted.

*J. P. Lamson* for the respondent.

*Zed S. Stanton,* State's Attorney, for the State.

TYLER, J. Indictment for a breach of the peace. The State's evidence tended to show that the respondent called one George Oderkirk to the door of the latter's house in the night time and assaulted him with an axe. The respondent's evidence tended to show that no axe was used by him, and this was a material issue in the trial.

It appeared that after the affray one George W. Barnett went to Oderkirk's house, was there the remainder of the

night and had conversation with Oderkirk and his wife. The respondent's counsel asked the witness this question:

"I want you to state whether you yourself at that time said anything to Oderkirk whether the wound was or was not made with an axe?"

It appeared that Oderkirk's wife saw the whole affray, and the respondent's counsel asked the witness Barnett:

"Was anything said there that night by Oderkirk's wife to George, whether Badger struck him with an axe or not?"

Both questions were excluded, and the respondent excepted.

The conversation was not a part of the *res gestae* of the affray, and it is not claimed that the answers, if given, would have had any tendency to contradict the testimony which the witness had given in the trial. Counsel suggest in their brief no ground upon which the evidence was admissible and there was none.

> *Judgment that there was no error in the proceedings, and that the respondent take nothing by his exceptions.*